UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-24299-GAYLES/OTAZO-REYES

**PG CREATIVE, INC.,**
a Florida Corporation,

          Plaintiff,

v.

**AFFIRM AGENCY, LLC,** a Wisconsin Limited Liability
Company, and **STAPLES MARKETING, LLC,**
a Wisconsin Limited Liability Company,

          Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment to Transfer this Case to the Eastern District of Wisconsin Pursuant to 28 U.S.C. § 1404 or § 1406 (the "Motion") [ECF No. 48]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is denied.

### I. BACKGROUND

On October 17, 2018, Plaintiff PG Creative, Inc., an advertising agency, brought this action sounding in trademark infringement against Defendant Affirm Agency, LLC. [ECF No. 1]. On May 7, 2019, Plaintiff filed its Second Amended Complaint against both Defendants, Affirm Agency, LLC, and Staples Marketing, LLC. [ECF No. 32]. Plaintiff alleged that Defendants knowingly used, without Plaintiff's permission, Plaintiff's "Dose of Reality" mark as the anchoring phrase in a series of nationwide public health campaigns promoting public awareness of prescription drug abuse and addiction. [*Id.* at 1, ¶ 2].

On May 20, 2019, Defendants moved to dismiss Plaintiff's Second Amended Complaint based on: (1) lack of personal jurisdiction and improper venue; (2) failure to join an indispensable party; and (3) sovereign immunity. [ECF No. 37]. In the alternative, Defendants requested that the Court transfer the case, pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of Wisconsin. [*Id.* at 31–33]. Plaintiff contested Defendants' alternative request to transfer. [ECF No. 45 at 25–28].

On October 31, 2019, the Court granted Defendants' Motion to Dismiss and dismissed Plaintiff's Second Amended Complaint without prejudice, finding that the Court's exercise of jurisdiction over Defendants would not comport with the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution because Plaintiff had failed to establish that Defendants had purposefully availed themselves of this forum. [ECF No. 47] (the "Order"). On November 29, 2019, Plaintiff filed the instant Motion, requesting that the Court vacate its dismissal Order and instead order transfer of the case to the Eastern District of Wisconsin. Defendants timely responded, [ECF No. 49], and Plaintiff did not reply.

## II. DISCUSSION

"[R]econsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (citation and internal quotations omitted). The only grounds for granting a motion for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), are (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct manifest errors of law or fact. *See Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151–52 (11th Cir. 2011); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "[A] motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to

ask the Court to rethink what the Court has already thought through—rightly or wrongly." *Siegmund v. Xuelian*, No. 12-62539, 2016 WL 3186004, at *1 (S.D. Fla. June 8, 2016) (citation omitted). A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). "This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (citation and internal quotations omitted). The Court may grant a motion for reconsideration when it has "patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension . . . . Such problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citation omitted).

Plaintiff has failed to satisfy any of the grounds that would justify reconsideration. Plaintiff argues only that reconsideration and transfer is warranted to "avoid manifest injustice"[1] because were Plaintiff to re-file in Wisconsin, it would lose the ability to seek damages for some indeterminate number of months of alleged wrongful conduct under either Florida or Wisconsin's statute of limitations. [ECF No. 48 at 4–5]. But Plaintiff provides no authority for the claim that such guesswork justifies reconsideration. As Defendants note, Plaintiff only cites to inapposite cases where courts ordered transfer before dismissal and where absent transfer, plaintiffs would

---

[1] Citing to a decision from this District, Plaintiff asserts that courts may grant Rule 59(e) motions to "prevent manifest injustice." [ECF No. 48 at 5] (citing *Millette v. DEK Techs., Inc.*, No. 08-60639-CV, 2010 WL 11505117, at *2 (S.D. Fla. Mar. 8, 2010)). The Court is aware of no binding authority for this standard. Rather, such motions may be used to correct "manifest *errors of law or fact*." *Arthur*, 500 F.3d at 1343 (emphasis added) (citation omitted). Plaintiff does not argue that the Court has made such an error.

3

have been entirely barred from seeking federal relief. Notably, Plaintiff did not reply. Plaintiff previously opposed the relief it now requests, and Rule 59(e) may not be used to make "arguments that were previously available, but not pressed." *Wilchombe*, 555 F.3d at 957 (citation and internal quotations omitted). Accordingly, the Court denies Plaintiff's request.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment to Transfer this Case to the Eastern District of Wisconsin Pursuant to 28 U.S.C. § 1404 or § 1406 shall be **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of February, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE